IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

POLICARDIO R. ARROYO,

      Plaintiff,

v.                    ORDER

                        15-cv-378-jdp

SANDRA WEST,

      Defendant.

---

  Plaintiff Policardio R. Arroyo, a prisoner incarcerated at the Oshkosh Correctional Institution, is proceeding on a claim that defendant correctional sergeant Sandra West refused to assist him in obtaining emergency treatment for complaint of severe distress that turned out to be internal bleeding. Plaintiff has filed a couple of documents regarding his literacy and assistance of a jailhouse lawyer.

  First, plaintiff has filed a document titled "Notice of Paralegal Assistance to Plaintiff," Dkt. 15, in which plaintiff states that he is functionally illiterate in both Spanish and English and that he has been receiving the help of another inmate, David Austin II, who has a paralegal diploma. He requests the court to:

> acknowledge Mr. Austin as his paralegal of record, and include him in all meetings, hearings, pleadings, discovery, pretrial and trial hearings; together with all related actions. Furthermore, Mr. Arroyo would ask the court to allow Mr. Austin to speak for him during all hearings, meetings, and any action related to this case. Which would include settlement of this case.

Dkt. 15, at 1. Plaintiff also asks that Austin be carbon-copied on all correspondence sent to him. *See* Dkt. 22. Defendant objects to plaintiff's requests, explaining some of the state's restrictions on assistance from "jailhouse lawyers" and stating concern that Austin's efforts

thus far constitute the unauthorized practice of law. Dkt. 18, 20-21. Plaintiff followed with a document stating that Austin "will be appearing as [plaintiff's] power of attorney and will argue this case before the jury."

Plaintiff also filed a document authored by someone named "Aguila," presumably a fellow inmate, who states:

> Dave Austin helps [plaintiff] but he is going to house and Librarian say Austin is take advantages of [plaintiff] and try to make him sign lawyer power.
>
> Now [plaintiff] no have one to help in this case! Please help at now time he need lawyer.

Dkt. 30. From these filings, I take plaintiff to be saying that Austin has recently been released from prison, and that he seeks the assistance of counsel.

These filings raise questions about plaintiff's ability to represent himself and about his true intentions in this lawsuit. In particular, it is unclear whether he actually approves any of the submissions that have been filed or whether he desires to pursue this lawsuit. I will deny his requests in his "Notice of Paralegal Assistance" because he is essentially asking Austin to represent him as counsel, which Austin cannot do because he is not a lawyer. Plaintiff's reference to Austin appearing as his "power of attorney" does not fix this problem: signing a "power of attorney" document does not give a non-attorney the ability to represent someone else in this court. *See, e.g., Johnson v. Bank One N.A.*, 90 F. App'x 956, 957 (7th Cir. 2004). Plaintiff is free to seek help from other inmates or from outside citizens, but this right is not unlimited. The DOC may regulate plaintiff's interactions with other prisoners or citizens, so long as it otherwise provides adequate prisoner access to the courts.

I would usually hold a hearing to address my concerns about plaintiff's desire and ability to litigate this action. But given plaintiff's alleged English difficulties, that avenue may

not be productive. Instead, I will attempt to recruit counsel fluent in Spanish to represent plaintiff for the limited purposes of communicating with the court (1) plaintiff's desire to continue with this case; and (2) plaintiff's literacy and language abilities and limitations. If it is clear that plaintiff wishes to continue with the case but that he cannot do so without further assistance, I will consider recruiting counsel to assist him further.

ORDER

IT IS ORDERED that:

1. Plaintiff Policardio R. Arroyo's motion to have a fellow inmate represent him, Dkt. 15, is DENIED.

2. Plaintiff's motion for recruitment of counsel, Dkt. 30, is GRANTED. I will attempt to locate counsel for the limited purposes stated above.

3. The remainder of schedule is STAYED pending recruitment of counsel and resolution of the issues discussed above.

Entered September 20, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge