IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

POLICARDIO R. ARROYO,

                Plaintiff,

v.

SANDRA WEST,

                Defendant.

ORDER

15-cv-378-jdp

---

Plaintiff Policardio R. Arroyo filed this civil action under 42 U.S.C. § 1983, alleging that defendant refused to assist plaintiff in obtaining emergency treatment for a severe medical problem. At plaintiff's request, the court has recruited counsel Iana Vladimirova of the law firm of Husch Blackwell for the limited purpose of communicating with the court: (1) plaintiff's desire to continue with this case; and (2) plaintiff's literacy and language abilities and limitations. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter counsel's appearance as plaintiff's *pro bono* counsel.

The parties in this case have already appeared for a pretrial scheduling conference, which resulted in a written order with deadlines and instructions, which the court stayed pending answers to the two questions above. Plaintiff's counsel should contact the Wisconsin Department of Corrections for purposes of consulting with plaintiff and preparing discovery, whether by phone and/or in person.

Finally, plaintiff should appreciate that counsel took on this representation out of a sense of professional responsibility, which includes representing plaintiff zealously. Now that he is represented by counsel, plaintiff, too, has responsibilities. During the limited representation, all communications with the court regarding discovery issues must be through his attorney of record. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive plaintiff makes.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end the representation. But he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter Iana Vladimirova of the law firm of Husch Blackwell as plaintiff's *pro bono* counsel of record for the limited purpose of communicating with the court: (1) plaintiff's desire to continue with this case; and (2) plaintiff's literacy and language abilities and limitations. When these purposes have been served, counsel should inform the court and may then move to withdraw from future representation.

Entered this 15th day of February, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge